MARTIN v. MARTIN

DIVORCE—EVIDENCE—PATERNITY OF CHILD.

> Exclusion of testimony by either the husband or wife about access or nonaccess of the husband to the wife at the time of conception of a child born to the wife after separation but before a judgment of divorce, and rejection of testimony about extrajudicial statements made by the wife to the effect that a man other than her husband was the father of the child, was proper where the child was conceived during the separation of the parties which preceded the divorce.

Appeal from Macomb, Howard B. Carroll, J. Submitted Division 1 February 3, 1970, at Detroit. (Docket No. 6,872.) Decided February 23, 1970. Rehearing denied April 8, 1970.

Complaint by Delores Martin against Vick Martin for divorce. Divorce granted. Motion by defendant for modification of judgment denied. Defendant appeals. Affirmed.

*Davidow & Davidow,* for defendant.

Before: LEVIN, P. J., and J. H. GILLIS and BRONSON, JJ.

PER CURIAM. Plaintiff and defendant separated on October 23, 1957. A few months later the court

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 370, 412.

entered a temporary support order requiring the defendant husband to pay $42 per week for the support of the five children of the parties. On March 17, 1959, a son, Patrick, was born to the plaintiff wife. On December 7, 1959, a *pro confesso* decree of divorce was entered which, *inter alia,* required defendant husband to pay $50 per week for the support and maintenance of the six children. The proposed decree of divorce was approved in writing by defendant's attorney.·

On July 7, 1967, plaintiff petitioned the court to modify the judgment of divorce* in order to increase the support for Diane, age ten, and Patrick, age eight. At this time the defendant was no longer required to pay support for the remaining four children. On September 5, 1967, plaintiff's petition to modify the judgment of divorce was granted and the court entered an order modifying the judgment of divorce by requiring the defendant to pay the sum of $15 per week for the support and maintenance of Diane and $15 per week for the support and maintenance of Patrick.

On September 11, 1968, defendant husband filed a petition for modification of decree of divorce and/or judgment contending that Patrick was not his child and that plaintiff practiced a fraud upon the court by "leading the court to believe that Patrick, born March 17, 1959, was the child of this petitioner." A testimonial hearing was conducted in which the defendant husband denied that he was the father of Patrick. Additionally, there was a statement attributed to the plaintiff by one of the older children of the parties who contended that at one time her mother had stated that the defendant was

---

* By subrule 518.1, GCR 1963, and RJA § 112 (MCLA § 600.112; Stat Ann 1962 Rev § 27A.112), effective January 1, 1963, all domestic relations matters are now disposed of by "judgment" rather than by "decree."

not the father of Patrick. This same witness testified to various visitations by the defendant to the plaintiff from the date of the separation up to the date that the decree of divorce was entered. The plaintiff testified that she made the statement concerning the paternity of Patrick to her daughter, but explained it in the following manner:

"*Q.* Did you tell Darline that Victor was not Patrick's father?

"*A.* Yes sir, I had been very angry and frustrated and rather than have people remember how stupid and afraid I was of him, I would rather have them think I was a loose woman than to admit that he was his father.

"*Q.* Why did you tell that to Darline?

"*A.* Well, Darline and I do not always agree on many things. She was siding with her father and out of it all, I just made a statement that was not true."

The trial court made a specific finding that the testimonial record was not sufficient to overcome the presumption of legitimacy and declined to modify the amended judgment of divorce.

After review of the record, we affirm the finding of the trial court. The record is most convincing in light of the rule which forbids either a husband or wife from testifying as to access or nonaccess or repetition in court of their out-of-court declarations in the context of a proceeding concerning the legitimacy of a child. This rule applies even where the child was conceived after a separation of the parties which precedes divorce. See *Maxwell* v. *Maxwell* (1969), 15 Mich App 607 (*leave to appeal denied* 381 Mich 815).

Affirmed. Costs to appellee.